UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTO ANALYTICS, INC. d/b/a WOMPLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2636-B |
| | § | |
| CAPITAL PLUS FINANCIAL, LLC, | § | |
| CROSSROADS SYSTEMS, INC., and | § | |
| ERIC DONNELLY, | § | |
| | § | |
| Defendants. | § | |

ORDER

Before the Court is Defendants Capital Plus Financial, LLC ("Capital Plus"), Crossroads Systems, Inc. ("Crossroads"), and Eric Donnelly ("Donnelly")'s notice of removal (Doc. 1) in the above-captioned action. Having considered the notice and its arguments for why this Court has jurisdiction over this action, the Court concludes that additional briefing is necessary.

Plaintiff Oto Analytics d/b/a Womply ("Womply") originally filed this action in the 95th Judicial District, Dallas County, Texas. Doc. 1, Notice Removal, ¶ 1. Womply's Original Petition states that the "lawsuit arises out of Defendants' fraudulent misrepresentations and wrongful conduct causing Womply damages in excess of $76 million." Doc. 1-4, Pl.'s Original Pet., ¶ 1. Specifically, Womply claims that it "created a technology platform that allows potential borrowers to easily apply for [Paycheck Protection Program] PPP loans" and then contracted with "non-party Blueacorn, a lender service provider and partner of Capital Plus," to refer potential borrowers to lender "Capital Plus through . . . Blueacorn." *Id.* ¶¶ 2–3. Womply alleges that it only agreed to contract with Blueacorn for the Capital Plus referrals after "Donnelly, the former CEO of Capital Plus and the

current CEO of Capital Plus's parent company Crossroads . . . represented that fees Capital Plus received from the [Small Business Association] SBA . . . would be deposited directly into a joint account held by Capital Plus and Blueacorn, and that Capital Plus would provide Womply with visibility into the account." *Id.* ¶ 2. "Based on Donnelly's representations, Womply understood that Blueacorn and Capital Plus would receive fees from the SBA for all Womply-referred loans simultaneously, because such fees would be deposited directly into the [j]oint [a]ccount." *Id.* ¶ 3. Womply ultimately "referred 86,521 PPP loans to Capital Plus through Blueacorn" and asserts that it is "entitled to fees totaling $76,714,482.67, not including interest that has accrued on those late fees" in compensation for those referrals, "[u]nder its agreements with Blueacorn." *Id.* ¶¶ 3, 6. However, Womply states it has received no fees for the referrals. *Id.*

Defendants filed a notice of removal on October 25, 2021. Doc. 1, Notice Removal. Defendants claim that "removal is proper pursuant to both federal-question jurisdiction and the federal officer removal statute." *Id.* ¶ 4. Their argument for federal-question jurisdiction is that "[a]lthough [Womply] asserts only state common law claims, the viability of each claim depends on interpretation of federal law—both statutory and regulatory—governing the [PPP]." *Id.* Defendants note that federal-question jurisdiction may lie "'over state-law claims that implicate significant federal issues'" so long as the "'federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in a federal court without disrupting the federal-state balance approved by Congress.'" *Id.* at ¶ 18 (first quoting *Grable & Sons Metal Products, Inc., v. Darue Eng'g & Mfg*, 545 U.S. 308, 312 (2005); then quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). The four *Grable* requirements are satisfied in this case, they argue. *Id.* ¶¶ 22–41.

Defendants also assert that removal is "proper under the federal officer removal statute, which provides for removal of any suit brought against . . . 'any officer (or any person acting under

that officer) of the United States or of any agency thereof . . . for or relating to any act under color of such office." *Id.* ¶ 42 (quoting 28 U.S.C. § 1442(a)(1)). Defendants argue that the "SBA has 'delegated authority' to Capital Plus for the purpose of making PPP loans." *Id.* ¶ 44 (citing 15 U.S.C. § 636(a)(36)(F)(ii)(I)).

"'Federal courts are courts of limited jurisdiction.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "'must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.'" *Id.* And "if the record does not contain sufficient evidence to show that subject matter jurisdiction exists, [then] 'a federal court does not have jurisdiction over the case.'" *Id.*

The Court notes that Plaintiff has not filed a motion to remand this action. Nevertheless, the Court must *sua sponte* decide the merits of Defendants' federal-question jurisdiction arguments and, if required, remand this action to the state court. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544–45 (5th Cir. 1991). To assist the Court in deciding this issue, the Court therefore **ORDERS** Womply to file responsive briefing, including legal authority, responding to Defendants' subject-matter-jurisdiction arguments. Womply's briefing should specifically address (1) Defendants' contention that construction of the PPP regulations and governing statutes will be dispositive of an essential element of Womply's state-law claims; (2) whether Womply is an "agent" within the definition of 13 C.F.R. § 103.1(a); and (3) may address any other issues raised by Defendants' arguments regarding federal-question jurisdiction and the federal-officer removal statute.

Plaintiff's brief shall comply with Local Rules 7.1(d) and 7.2 and shall be filed on or before **January 1, 2022.** Defendant shall be entitled to file a reply brief consistent with Local Rules 7.1(f) and 7.2.

-4-

SO ORDERED.

Signed: November 23, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE