IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTO ANALYTICS, INC. d/b/a WOMPLY | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-2636 |
| CAPITAL PLUS FINANCIAL, LLC, CROSSROADS SYSTEMS, INC., ERIC DONNELLY, BA FIN ORION, LLC d/b/a BLUEACORN, and BARRY CALHOUN | § § § § § § | |
| Defendants. | § § | |

**CAPITAL PLUS DEFENDANTS' REPLY REGARDING THE COURT'S SUBJECT MATTER JURISDICTION ORDER**

This Court has subject matter jurisdiction to resolve the parties' dispute. On October 25, 2021, Defendants Capital Plus Financial, LLC, Crossroads Systems, Inc., and Eric Donnelly (collectively, "Capital Plus Defendants") removed the case under both 28 U.S.C. § 1331 and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Dkt. 1. On November 23, 2021, the Court ordered Plaintiff to respond to the subject-matter jurisdiction arguments in the Notice of Removal. *See* Dkt. 7. Plaintiff both responded to those arguments and filed its First Amended Complaint. Dkt. Nos. 17, 20. The Capital Plus Defendants respectfully submit this reply to the questions in the November 23, 2021 Order, in light of the First Amended Complaint.

1. <u>Essential Element of State-Law Claims</u>. As explained in the Notice of Removal, this Court has federal-question jurisdiction to hear the case because there are actually disputed and substantial federal issues necessarily raised by Plaintiff's state-law claims that are capable of resolution in federal court without disturbing our federalist system. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013). For example, Plaintiff's claims against the Capital Plus Defendants for tortious

interference with contract and fraudulent inducement both include as an essential element a valid contract—in short, to prevail, Plaintiff must prove that the disputed payments would have been legal. Because the validity of the contracts in question depends on the application of federal SBA rules, the state-law claims raise federal questions that meet the *Gunn* factors set forth above. The Capital Plus Defendants again refer the Court to the Notice of Removal and concur in the jurisdictional arguments—but not the positions on the merits—as set forth in Plaintiff's Response. *See* Notice of Removal ¶¶ 17–41 (Dkt. 1); Pl. Resp. 14–17 of 22 (Dkt. 17). Therefore, the Court has federal-question jurisdiction to resolve Plaintiff's state-law claims.

    2.    <u>"Agent" under 13 C.F.R. § 103.1(a)</u>. The Capital Plus Defendants disagree with Plaintiff's position that it is not an "agent" within the definition of 13 C.F.R. § 103.1(a). *See* Notice of Removal ¶¶ 22–24 (Dkt. 1); *compare* Pl. Resp. 17–20 of 22 (Dkt. 17). Moreover, as the Capital Plus Defendants will discuss in their forthcoming motion to dismiss on January 31, the Court should dismiss the case before considering the merits of Plaintiff's argument that it was not an "agent" under the SBA rules. Nevertheless, the Capital Plus Defendants agree that, should this case survive a motion to dismiss, the agency question is essential to determine the legality of any payments by Capital Plus Financial, LLC to Plaintiff under federal law.

    3.    <u>Other Issues</u>:

        a.    <u>Declaratory Judgment Claim</u>. Plaintiff's First Amended Complaint includes a count for declaratory relief that seeks construction of whether the SBA's Agent Fee Cap applies to the parties' circumstances. Although the Capital Plus Defendants disagree with, among other things, Plaintiff's position as to the appropriate construction of the SBA rules, they agree that this question is both one of federal law and critical to the parties' dispute. *See* Pl. Resp. 12–

13 of 22 (Dkt. 17). Therefore, the declaratory judgment claim provides the Court with an additional independent basis for subject-matter jurisdiction over this lawsuit.

        b.      <u>Other Claims and Other Defendants</u>. To the extent any of Plaintiff's claims do not involve a federal question, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a).

        c.      <u>Federal Officer Removal Statute</u>. Although Plaintiff did not address this issue, the Capital Plus Defendants also maintain that this Court has jurisdiction over the claims against them under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See* Notice of Removal ¶¶ 42–45 (Dkt. 1).

Dated: January 14, 2022

Respectfully submitted,

SUSMAN GODFREY L.L.P.

*/s/ Harry P. Susman*
Terrell W. Oxford
TX State Bar No. 15390500
Harry P. Susman
TX State Bar No. 24008875
Megan E. Griffith
TX State Bar No. 24122748
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
toxford@susmangodfrey.com
hsusman@susmangodfrey.com
mgriffith@susmangodfrey.com

***Attorneys for Capital Plus Financial, LLC, Crossroads Systems, Inc. and Eric Donnelly***

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022, a true and correct copy of the foregoing document was filed with the Court and served on all counsel of records via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of Texas.

*/s/ Megan Elise Griffith*
Megan Elise Griffith
