IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OTO ANALYTICS, INC. d/b/a WOMPLY § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CAPITAL PLUS FINANCIAL, LLC, § <br> CROSSROADS SYSTEMS, INC., ERIC § <br> DONNELLY, BA FIN ORION, LLC d/b/a § <br> BLUEACORN, and BARRY CALHOUN § <br> § <br> Defendants. § | Civil Action No. 3:21-cv-2636-B |

**JOINT STATUS REPORT**

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), and this Court's January 4 and 6, 2022 Orders (ECF Nos. 27, 29), counsel for Oto Analytics, Inc. d/b/a Womply ("Womply"), Capital Plus Financial, LLC ("Capital Plus"), Crossroads Systems, Inc. ("Crossroads"), Eric Donnelly ("Donnelly"), BA Fin Orion, LLC d/b/a Blueacorn ("Blueacorn"), and Barry Calhoun ("Calhoun"; collectively, the "Parties") conferred remotely on January 13, 2022. As outlined by the Court's Order, the Parties hereby submit the following Joint Status Report:

**1.   A brief statement of the nature of the case, including the contentions of the parties.**

**<u>Plaintiff Womply's Position:</u>**

This case concerns a dispute related to fees paid by the United States Small Business Administration ("SBA") to lenders under the Paycheck Protection Program ("PPP"). Womply is a technology company. Womply alleges that it provided PPP loan referral and technology services to Capital Plus and Blueacorn. Blueacorn and Capital Plus used the technology services Womply provided to review, approve, and service the PPP loans Womply referred. Capital Plus received fees from the SBA for funding the Womply-referred PPP loans, but neither Capital Plus nor

Blueacorn has paid any fees to Womply for the referral services or the technology services Womply provided. Womply also alleges that Capital Plus and Blueacorn made false statements to Womply to induce it to enter into agreements to provide these services. Womply seeks a declaratory judgment that SBA rules do not limit the technology fees Blueacorn agreed to pay Womply under these agreements. Womply also brings claims (i) against Capital Plus, Crossroads, and Donnelly (the "Capital Plus Defendants") for tortious interference with contracts, promissory estoppel, unjust enrichment, quantum meruit; (ii) against Blueacorn for breach of contract; (iii) against Capital Plus and Blueacorn for breach of contract; and (iv) against all defendants for fraud, negligent misrepresentation, and civil conspiracy.

Womply opposes Defendants' motions to dismiss. Contrary to the Capital Plus Defendants' assertions, Womply's agreements with Blueacorn comply with all applicable SBA rules, and Womply complied with the terms of these agreements. Contrary to Blueacorn's and Calhoun's (the "Blueacorn Defendants") assertions, the arbitration provisions in Womply's agreements with Blueacorn were procured by fraud and are therefore unenforceable, this Court has personal jurisdiction over the Blueacorn Defendants because they purposefully conducted activities in Texas, and Womply's Amended Complaint adequately pleaded each claim alleged against the Blueacorn Defendants. Womply will respond in full to these arguments in accordance with the operative case schedule.

**Defendants' Position:**

Defendants dispute these allegations. The Capital Plus Defendants allege that Capital Plus and Blueacorn are prohibited by SBA rules from paying Womply the fees, and that the agreements between Womply and Blueacorn are therefore unenforceable, rendering all of Womply's claims meritless. The Capital Plus Defendants further allege in the alternative that to the extent there was

an agreement between Capital Plus and Womply (which the Capital Plus Defendants deny), Womply materially breached such agreement, including without limitation by failing to provide required documentation. To the extent the agreement between Blueacorn and Womply is enforceable, the Capital Plus Defendants allege that Womply breached such agreement, including without limitation by failing to provide required documentation. The Capital Plus Defendants expect to file a motion to dismiss for failure to state a claim on these bases and others. Should the Court deny the motion to dismiss, the Capital Plus Defendants suspect that discovery will reveal Womply materially breached the relevant agreements by failing to perform its obligations before referring loans to Blueacorn.

The Blueacorn Defendants argue that this Court lacks personal jurisdiction over them, necessitating dismissal. In the alternative, the Blueacorn Defendants argue that Womply's claims should be dismissed in favor of arbitration pursuant to the arbitration clause in the parties' agreements. Finally, although the issues need not be reached because of these procedural bars, the Blueacorn Defendants argue that Womply's causes of action would need to be dismissed anyway for failure to state a claim because, among other things: (i) Womply's tort claims center around a supposed representation made to Womply on a phone call during contract negotiations that does not appear anywhere in the subsequently executed written contracts, and the written contracts contain an express provision that the contracts contain the parties' entire agreement and supersede any prior communications; (ii) as to Womply's breach-of-oral-contract claim, even as alleged by Womply, the substance that was supposedly discussed on the one phone conversation could not have formed an oral contract, because it had none of the elements of a contract and such an oral contract would be barred by the parol evidence rule in light of the execution of detailed, written contracts; and (iii) as to Womply's claim for breach of the written contracts, Womply's exclusive

claim of breach (since no payment is yet due from Blueacorn to Womply) is that Blueacorn has breached the contracts' implied covenant of good faith and fair dealing by not suing Capital Plus for fees, but the implied covenant of good faith and fair dealing cannot impose such a substantive duty on Blueacorn where it is not part of the written agreement.

**2.     Any challenge to jurisdiction or venue, including any procedural defects in the removal.**

Womply and the Capital Plus Defendants agree that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331.  (ECF Nos. 1, 17, 30.)  The Capital Plus Defendants also contend that this Court has subject-matter jurisdiction under 28 U.S.C. § 1442(a)(1).  The Blueacorn Defendants have moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or in the alternative, to compel Womply's claims to arbitration under the Federal Arbitration Act.  (ECF No. 31.)  Womply opposes Defendants' motions and will file memoranda of law in opposition to them in accordance with the operative case schedule.

**3.     Any pending motions.**

On January 24, 2022, the Blueacorn Defendants moved to dismiss for lack of personal jurisdiction, or, alternatively, to dismiss and compel Womply's claims to arbitration, or, alternatively, to dismiss for failure to state a claim.  (ECF No. 31.)  Womply's opposition is due February 14, 2022, and the Blueacorn Defendants' reply is due February 28, 2022.

On January 4, 2022, this Court set the following briefing schedule for the Capital Plus Defendants: (i) the Capital Plus Defendants' answer, pleading, or motion in response to Womply's Amended Complaint is due January 31, 2022, and (ii) Womply's answer or motion in response to any such pleading or opposition to any such motion is due March 14, 2022.  (ECF No. 26.)

**4.    Any matters which require a conference with the court.**

None at this time.

**5.    Likelihood that other parties will be joined or the pleadings amended.**

On December 16, 2021, Defendant Crossroads, Capital Plus' parent corporation, announced that it entered into an agreement in principle to acquire Fountainhead SBF LLC ("Fountainhead") and Fountainhead Commercial Capital. Womply has commenced arbitration against Fountainhead for failure to pay fees. Womply is concerned that Crossroads' planned acquisition may impair Capital Plus', Crossroads', and/or Fountainhead's ability to satisfy any judgments against them in this action and/or in the pending arbitration. Womply is continuing to investigate these concerns, which may require Womply to amend the pleadings and, if necessary, add additional parties.

The Capital Plus Defendants have not yet filed a responsive pleading or motion to Womply's Amended Complaint. They anticipate filing a motion to dismiss. Depending on the outcome of their motions to dismiss, Defendants may file counter-claims, including claims arising from Womply's role in reviewing and referring any loans to Blueacorn.

**6.    (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

**Plaintiff Womply's Position:**

**(a)**    Womply estimates that fact discovery can be completed in one year and expert discovery can be completed in four months. This action involves complex factual issues, such as the technology services that Womply provided to Blueacorn and Capital Plus, and will require considerable written discovery, document production and review, and depositions.

**(b)**    Womply intends to conduct discovery regarding, *inter alia*, (i) communications among Womply, Blueacorn, and/or Capital Plus regarding entering into agreements; (ii) a May 11,

2021 telephone call among Donnelly, Calhoun, and Womply's CEO; (iii) contract negotiations between Womply and Blueacorn; (iv) arbitration issues; (v) communications and agreements between Blueacorn and Capital Plus; (vi) the services Womply provided to Blueacorn and Capital Plus and their use of those services; (vii) Capital Plus' and Blueacorn's payment of fees; (viii) SBA regulations; and (ix) damages.

**(c)**  Womply does not believe discovery should be stayed, phased, or limited to particular issues.  Womply initially filed this action on September 9, 2021, more than *four months ago*, but has not yet taken any discovery.  Many of the disputed factual issues in this action took place in May 2021, more than *eight months ago*.  Continued delay will result in memories fading and witnesses potentially becoming unavailable.  It will also permit the Capital Plus Defendants to continue holding more than $76 million that rightfully belongs to Womply.  Accordingly, Womply opposes staying discovery, conducting discovery in phases, or imposing other limitations beyond those set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules of this Court.

At 2 PM ET on January 25, 2022, the same day this Joint Status Report was due by this Court's Order, the Blueacorn Defendants added the paragraph of legal argument and citations in subsection 6(c) below.  Womply asked the Blueacorn Defendants to remove these last-minute citations as inappropriate, particularly in a Joint Status Report, but they refused to do so. Capital Plus stated that it did not object to the last-minute addition.  To the extent any Defendants seek to stay discovery, they should bring a motion to this Court, which Womply will have the opportunity to review and oppose.  *See* Local Civ. R. 7.1(h) (requiring a brief for a motion to stay).

**Defendants' Position:**

    **(a)**    Defendants agree that fact discovery can be completed in one year but believe that expert discovery should be completed in the three months after fact discovery has closed.

    **(b)**    In the event the Court denies Defendants' motions to dismiss, they intend to conduct discovery regarding, *inter alia*, (i) communications among Womply, Blueacorn, and/or Capital Plus regarding entering into agreements; (ii) communications and agreements between Womply and Blueacorn; (iii) communications and agreements between Womply and its other customers for similar services; (iv) Womply's agreements with its suppliers and vendors and the scope of the services they provided to Womply; (v) Womply's communications with prospective borrowers; (vi) the services Womply provided to Blueacorn; (vii) SBA regulations; and (viii) damages.

    **(c)**    Defendants ask the Court to stay or phase discovery pending the Court's rulings on (i) the Capital Plus Defendants' likely motion to dismiss and (ii) the Blueacorn Defendants' motion to dismiss and/or to compel arbitration. *Bell v. Koch Foods of Miss.*, 358 F. App'x 498, 501 (5th Cir. 2009) (affirming denial of pre-arbitration discovery, including because it would "defeat the FAA's requirement of summary and speedy disposition of motions and petitions to enforce arbitration clauses"); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[T]he district court properly deferred discovery while deciding whether the defendants were proper parties to the action."); *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) ("It is not uncommon to stay discovery pending a decision on a motion to dismiss, insofar as a Rule 12(b)(6) motion to dismiss focuses on the adequacy of the pleadings, while discovery helps a plaintiff obtain enough evidence to succeed on the merits."). Womply acknowledges that its written agreement was with Blueacorn (not Capital Plus), raising causation

issues that have led other federal courts to dismiss claims against other lenders in Capital Plus's position. Blueacorn, in turn, has moved to dismiss and to compel arbitration. These motions go to the jurisdiction and venue of this case—considerations that typically warrant a stay of discovery. Should this Court compel arbitration of the claims against Blueacorn, discovery on the remainder of Womply's claims against the Capital Plus Defendants would be more limited in scope. It would be unjust to require the Capital Plus Defendants to expend resources attending depositions and reviewing or responding to discovery between Womply and Blueacorn, only for those claims to be resolved elsewhere—without the Capital Plus Defendants.

7. **Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

    None at this time. The Parties intend to enter into an ESI stipulation as part of conducting discovery.

8. **Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether they will be asking the Court to include their agreement in an order.**

    None at this time. The Parties intend to enter into a proposed protective order as part of conducting discovery, which they will submit to this Court for approval.

9. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed.**

    Plaintiff Womply: None at this time.

    Defendants: See responses to #6.

10. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

    See responses to #8 and #11.

11. **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).**

**Plaintiff Womply proposes the following schedule:**

| | |
|---|---|
| Deadline to join other parties and amend the pleadings without leave of Court | May 30, 2022 |
| Complete fact discovery | September 1, 2022 |
| Deadline to designate expert witnesses on issue on which party bears the burden of proof | August 1, 2022 |
| Deadline to designate rebuttal experts | September 1, 2022 |
| Complete expert discovery | December 1, 2022 |
| Move for summary judgment | February 1, 2023 |

Womply proposes this schedule based on the commencement of discovery on January 13, 2022. *See* Fed. R. Civ. P. 26(d)(1). If discovery is stayed or conducted in phases, a different schedule may be required.

**Defendants propose the following schedule:**

| | |
|---|---|
| Discovery stayed or phased pending resolution of motions to dismiss and to compel arbitration | Stayed |
| Deadline to join other parties and amend the pleadings without leave of Court | Six months following resolution of motions to dismiss and to compel arbitration |
| Complete fact discovery | One year following resolution of motions to dismiss and to compel arbitration |
| Deadline to designate expert witnesses on issue on which party bears the burden of proof | One year following resolution of motions to dismiss and to compel arbitration |
| Deadline to designate rebuttal experts | Thirty days following designation of expert witnesses |
| Complete expert discovery | Three months after close of fact discovery |

| Move for summary judgment | Two months after close of expert discovery |

12. **Requested trial date, estimated length of trial, and whether jury has been demanded.**

   Womply requests a jury trial in May 2023. Defendants ask the Court to stay or phase discovery pending the Court's rulings on the motions to dismiss and to compel arbitration. Defendants will request a trial date, if necessary, once the Court has ruled on the motions to dismiss.

   The Parties estimate that a trial would last approximately two weeks.

13. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

   The Parties do not consent to a trial before a United States Magistrate Judge.

14. **Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.**

   The Parties began preliminary discussions regarding a potential resolution in July 2021. In November 2021, Womply and the Capital Plus Defendants exchanged initial settlement offers, but did not reach an agreement. Capital Plus has made two settlement offers to Womply. Womply is reviewing Capital Plus' most recent settlement offer and is preparing a settlement offer in response.

15. **What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and when it would be most effective.**

   **Plaintiff Womply's Position:** After this Court rules on the pending and forthcoming motions and the Parties have taken discovery, mediation may be appropriate for resolving this case and the Parties may confer about the selection of a mediator at that time.

   **Defendants' Position:** Blueacorn and Capital Plus have agreed to attend a mediation at any time, including now.

**16.     Any other matters relevant to the status and disposition of this case.**

None at this time.

The Parties have conferred regarding this Joint Status Report and, except where separate positions are specifically outlined, agree upon the above.

Dated: January 25, 2021                                  Respectfully submitted,

*Of Counsel:*                                            By:___/s/ Jason P. Bloom___
                                                         Jason P. Bloom
Willkie Farr & Gallagher LLP                             Texas Bar No. 24045511
                                                         Nina Cortell
Alexander L. Cheney (admitted *pro hac vice*)            Texas Bar No. 04844500
One Front Street                                         Haynes and Boone, LLP
San Francisco, CA 94111                                  2323 Victory Avenue, Suite 700
(415) 858-7400                                           Dallas, TX 75219
acheney@willkie.com                                      (214) 651-5000
                                                         jason.bloom@haynesboone.com
Mark T. Stancil (admitted *pro hac vice*)                nina.cortell@haynesboone.com
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.                                      *Attorneys for Plaintiff Oto Analytics, Inc. d/b/a*
Washington, D.C. 20006                                   *Womply*
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

SUSMAN GODFREY L.L.P.

/s/ *Megan E. Griffith*
    Terrell W. Oxford
    Texas Bar No. 15390500
    Harry Susman (admitted *pro hac vice*)
    Texas Bar No. 24008875
    Megan E. Griffith
    Texas Bar No. 24122748
    1000 Louisiana Street, Suite 5100
    Houston, TX 77002-5096
    Telephone: (713) 651-5096
    Fax: (713) 654-6666
    toxford@susmangodfrey.com
    hsusman@susmangodfrey.com
    mgriffith@susmangodfrey.com

*Attorneys for Defendants Capital Plus Financial LLC, Crossroads Systems, Inc., and Eric Donnelly*

Sidley Austin LLP

/s/ *Penny P. Reid*
    Penny P. Reid
    Texas Bar No. 15402570
    preid@sidley.com
    Claire Homsher
    Texas Bar No. 24105899
    chomsher@sidley.com
    SIDLEY AUSTIN LLP
    2021 McKinney Ave No. 2000
    Dallas, Tex. 75201
    (214) 981-3300
    (214) 981-3400 (facsimile)

    Michael A. Levy
    (*pro hac vice* to be filed)
    mlevy@sidley.com
    Christopher M. Egleson
    (*pro hac vice* to be filed)
    cegleson@sidley.com
    Katelin Everson
    (*pro hac vice* to be filed)
    keverson@sidley.com
    SIDLEY AUSTIN LLP
    787 Seventh Avenue
    New York, N.Y. 10019
    TEL: (212) 839-5300
    FAX: (212) 839-5599

*Attorneys for the Blueacorn Defendants*