UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTO ANALYTICS, INC. d/b/a WOMPLY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2636-B |
| CAPITAL PLUS FINANCIAL, LLC, CROSSROADS SYSTEMS, INC., and ERIC DONNELLY, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Capital Plus Financial, LLC, Crossroads Systems, Inc., and Eric Donnelly (collectively the "Capital Plus Defendants")'s Motion to Stay Discovery by Plaintiff Oto Analytics, Inc. ("Womply") (Doc. 60) pending the resolution of their motion to dismiss (Doc. 42). The Capital Plus Defendants argue that their pending "motion to dismiss includes a purely legal question that could resolve all claims against the Capital Plus Defendants" rendering discovery "unnecessarily burdensome and expensive" and another pending motion to dismiss filed by other Defendants "could affect the discovery available . . . and the viability of [the] claims in this Court." Doc. 60, Mot. Stay, 1. Because the court finds a stay is unwarranted, the Court **DENIES** the motion.

A federal district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). A stay is the exception, not the rule. *James J. Flanagan Shipping*

*Corp. v. Port of Beaumont of Jefferson Cnty.*, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020); *Yeti Coolers, LLC v. Magnum Solace*, LLC, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016); *Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015); *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482 at *1 (N.D. Tex. July 23, 2008).

First, the Court stated that the interpretation of the Small Business Administration regulations regarding the Paycheck Protection Program "is dispositive of Womply's state law claims," Doc. 48, Order, 3, but the Court made this determination based on the parties then in the case and the four claims in Womply's Original Petition. *See* Doc. 1-4, Original Pet., ¶¶ 66–89 (listing claims for fraud, tortious interference with a contract, conversion, and unjust enrichment). Womply later amended and added additional claims against the Capital Plus Defendants not at issue in the Court's earlier order. *See* Doc. 20, Am. Compl, ¶¶ 116–77, 186–90 (listing claims for declaratory judgment, tortious interference with contracts, fraud, negligent misrepresentation, promissory estoppel, unjust enrichment, breach of contract, quantum meruit, and civil conspiracy). Second, the Court resolved the other motion to dismiss filed by the other set of Defendants, *Oto Analytics, Inc. v. Capital Plus Fin., LLC*, 2022 WL 1082368 (N.D. Tex. Apr. 11, 2022), and the parties may still obtain the necessary discovery from this dismissed party through Federal Rules of Civil Procedure 26(b), 34, and 45. Accordingly, the Court **DENIES** the Capital Plus Defendants' Motion to Stay.

SO ORDERED.

SIGNED: April 14, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE