UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTO ANALYTICS, INC. d/b/a WOMPLY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2636-B |
| CAPITAL PLUS FINANCIAL, LLC, CROSSROADS SYSTEMS, INC., ERIC DONNELLY, BA FIN ORION LLC d/b/a BLUEACORN, and BARRY CALHOUN, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Oto Analytics, Inc. (Womply)'s Second Motion for Reconsideration or for Leave to Replead Its Claims Against Blueacorn (Doc. 105). Because the proposed amendments to the complaint might alter the Court's determination regarding a lack of personal jurisdiction over BA Fin Orion, LLC (Blueacorn) and Barry Calhoun (collectively, the Blueacorn Defendants), *see Oto Analytics, Inc. v. Cap. Plus Fin., LLC*, 2022 WL 1082368 (N.D. Tex. Apr. 11, 2022), the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

# I.

# BACKGROUND[1]

A.   *Factual Background*[2]

This dispute involves three parties who agreed to process Paycheck Protection Program (PPP) loans and divide the Small Business Administration (SBA) fees earned from processing these loans. Womply is a technology company incorporated in Delaware that "developed . . . an internet portal through which borrowers searching for PPP assistance could . . . submit an application to PPP lenders[,] and . . . provided lenders and their partners . . . with a technology platform . . . to manage the . . . reviewing, approving, and servicing . . . of small dollar PPP loans." Doc. 20, Am. Compl., ¶¶ 3, 11. "Blueacorn is a Wyoming limited liability company with its principal place of business in Wyoming . . . that helps compile loan application paperwork for the PPP and partners with banks to apply for and secure loans." *Id.* ¶¶ 15, 46 (quotation marks omitted). Calhoun is the CEO of Blueacorn and resides in Scottsdale, Arizona. *Id.* ¶ 16. "Capital Plus [Financial (Capital Plus)] was a small regional lender [that had] less than $40 million in annual revenue," prior to the PPP loan program, and is a Texas limited liability company with its principal place of business in Texas. *Id.* ¶¶ 5, 12. Blueacorn contracts with Capital Plus and one other lender, and has received "more than $500 million in fees" for its PPP loan facilitation with Capital Plus. *Id.* ¶ 9.

In January 2021, Capital Plus announced a partnership with Blueacorn to process first and second draw PPP loan applications. *Id.* ¶ 46. In May 2021, Blueacorn approached Womply with a proposal for Womply to "refer PPP applicants to Capital Plus through Blueacorn . . . and . . . provide

---

[1] For a fuller discussion of the facts, see *Oto Analytics, Inc.*, 2022 WL 1082368, at *1–2.

[2] The facts are as alleged by Womply in the First Amended Complaint (Doc. 20).

access to the Womply Technology Platform directly to Capital Plus" in return for "certain fees from Blueacorn for each Womply-referred PPP loan." *Id.* ¶ 55. As part of the proposal, Womply contracted with only Blueacorn after assurances that Womply would have visibility into a joint Blueacorn and Capital Plus SBA fee-deposit account with Evolve Bank & Trust (the Joint Account). *Id.* ¶¶ 56–58, 87.

Womply entered two separate agreements with Blueacorn: one providing Womply one percent "for each referred loan"; and a second providing Blueacorn with various documents from PPP applicants and integrating various third-party service providers in return for "the first $250 from any Lender Processing Fee, plus 1/3 of the remaining Lender Processing Fee after the first $250 is subtracted." *Id.* ¶¶ 62–67; Ex. 3, ¶ 2.2; Ex. 4, at 1, ¶ 3.3. Both agreements require Blueacorn to pay Womply within five business days of Blueacorn's receipt of its fees from the lender—Capital Plus. *Id.* Ex. 3, ¶ 2.3; Ex. 4, ¶ 3.5. Blueacorn continues to insist that Capital Plus has not paid it and thus, payment to Womply is not yet due. *Id.* ¶¶ 6, 84–85, 97.

Womply filed its initial complaint on October 25, 2021. *See* Doc. 1, Compl. Womply subsequently amended its original complaint on December 23, 2021, bringing claims for fraud, negligent misrepresentation, and civil conspiracy against the Blueacorn Defendants and breach of contract claims against Blueacorn. Doc. 20, Am. Compl., ¶¶ 131–48, 164–71, 178–90. The Blueacorn Defendants moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction on January 24, 2022. *See* Doc. 31, Defs.' Mot. The Court granted the motion because "Womply's causes of action do not arise from the Blueacorn Defendants' connections to Texas." *Oto Analytics, Inc.*, 2022 WL 1082368, at *9. On May 16, 2022, Womply moved for reconsideration of the Court's Order granting dismissal of the Blueacorn Defendants or in the alternative to amend the complaint.

Doc. 88, Mot. Recons. The Court denied this motion because "Womply failed to comply with the Local Civil Rule 15.1(b)" that requires filing the proposed amended complaint with the motion. Doc. 101, Order, 2. On July 11, 2022, Womply filed the instant amended motion that includes redacted and unredacted versions of the motion and a proposed Second Amended Complaint (SAC). Doc. 104, 2d Mot. Recons.; Doc. 105, App. The Blueacorn Defendants responded on July 19, 2022. Doc. 109, Resp. The Court considers the motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), when a party requests leave to amend a pleading before trial, the court "should freely give leave when justice so requires." Normally the Court will allow a plaintiff the opportunity to amend where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995). "[A] district court properly... denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021). Absent such factors, leave to amend should be "freely given." *Id.*

## III.

## ANALYSIS

The Court restricts its analysis to the arguments about repleading the claims against the Blueacorn Defendants because these arguments moot the arguments about reconsideration of the Court's prior order dismissing the Blueacorn Defendants for lack of personal jurisdiction.

Womply argues that "new evidence obtained through discovery in this action" will allow it to plead new allegations regarding the agreements between Blueacorn and Capital Plus, "that Blueacorn and Capital Plus negotiated the Agreements with Womply together," and "that Blueacorn marketed its services to Texas." Doc. 104, Mot. Recons., 16–17. These new allegations "address[] the Court's concerns regarding personal jurisdiction," Womply contends. *Id.* at 15.

The Blueacorn Defendants respond that Womply's new allegations fail to show that "Blueacorn's 'contacts with the forum state arise from, or are directly related to, [its] cause of action,'" and thus, amendment is futile. Doc. 110, Defs.' Resp., 13–14. The Blueacorn Defendants argue that Womply mostly relies on allegations from its First Amended Complaint with "purportedly new allegations" about PPP-loan-processing activities between Blueacorn and Capital Plus that "expand on, but add nothing new to, a basic fact that has been pleaded in this litigation from the start." *Id.* at 14–15. Further, the Blueacorn Defendants contend that the allegations about the Texas choice-of-law provision and forum selection clause concern agreements between Blueacorn and Capital Plus, not Womply. *Id.* at 16. Lastly, the Blueacorn Defendants aver that Womply's "revived claims against the Blueacorn Defendants would be met with another Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction that would have the same outcome." *Id.* at 16.

The Court finds Womply's new allegations regarding the Blueacorn Defendants would substantially alter this Court's prior analysis about whether it may exert personal jurisdiction over the Blueacorn Defendants. The Court previously found that "Blueacorn's one-way contacts . . . did not solidly connect Blueacorn to Texas." *Oto Analytics, Inc.*, 2022 WL 1082368, at *9. However, Womply's new allegations provide a greater depth to the relationship between the forum, Blueacorn, and Womply's causes of action. Womply now includes nearly three pages of allegations detailing

Blueacorn's "substantial connections to Texas." Doc. 104-2, Proposed SAC, ¶ 24. These allegations further flesh out the relationship between Blueacorn and Capital Plus and add detail about the amount of contacts Blueacorn had with Texas. *See id.* These allegations alone are enough to convince the Court that amendment of the complaint would not be futile. *See Stevens*, 17 F.4th at 575. Thus, the Court **GRANTS** Womply leave to file the SAC. Leave to file the SAC now being granted, the Court **DENIES** as **MOOT** the request for reconsideration.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Womply's Second Motion for Reconsideration or for Leave to Replead Its Claims Against Blueacorn (Doc. 105). Womply is **ORDERED** to file its SAC on or before **July 21, 2022**.

**SO ORDERED**.

**SIGNED: July 20, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE